H. K. FERGUSON COMPANY, INC., *v.* DEPARTMENT
OF REVENUE.

1. TAXATION—USE TAX—EXEMPTIONS—CONSTRUCTION MATERIALS
FOR CITY PARKING FACILITY.
   Plaintiff, construction contractor who built an underground park-
   ing facility on city-owned land under a contract whereby
   plaintiff upon completion of the facility became lessee for 25
   to 40 years, *held*, entitled to recover use tax, paid under pro-
   test, upon personal property used and completely consumed in
   fulfillment of the single construction contract with a political
   subdivision of the State, property so used being exempt under
   the use tax act (CLS 1956, § 205.94).

2. SAME—USE TAX—EXEMPTION—CONSTRUCTION MATERIALS FOR CITY
PARKING FACILITY.
   Fact that construction contractor of parking facility on city-
   owned land derived no compensation under contract for con-
   struction except by way of lease for period of 25 to 40 years
   to commence upon completion of construction, would not prevent
   it from coming within exemption provisions of use tax act
   for materials used in the construction, since such construction
   enhanced the municipal, as well as the actual, value of the
   realty during the demised term (CLS 1956, § 205.94).

DISSENTING OPINION.

SOURIS, J.

3. TAXATION—USE TAX—EXEMPTIONS—CONSTRUCTION MATERIALS—
MUNICIPAL CORPORATIONS.
   *Personal property purchased by one engaged in business of con-
   struction, altering, repairing, or improving real estate, where*

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 6] 47 Am Jur, Sales and Use Taxes § 56.
   Constitutionality, construction, and application of general use tax
   or other compensating tax designed to complement State sales
   tax. 153 ALR 609.
[4] 51 Am Jur, Taxation §§ 410, 411.
[5] 51 Am Jur, Taxation §§ 512, 524–532.

used and completely consumed in fulfillment of single con-
struction contract on real estate belonging to a city, is exempt
from use tax (CLS 1956, § 205.94).

4. SAME—AMBIGUITY—CONSTRUCTION OF STATUTES—IMPOSITION.
   Ambiguity in the imposition provisions of a taxing statute is
   resolved in favor of the taxpayer.

5. SAME—AMBIGUITY—CONSTRUCTION OF STATUTES—EXEMPTION.
   Ambiguity in the exemption provisions of a taxing statute is
   strictly construed in favor of the taxing authority.

6. SAME—USE TAX—CONSTRUCTION MATERIALS FOR CITY UNDER-
   GROUND PARKING FACILITY—LEASES.
   Personal property used by plaintiff in construction of under-
   ground parking facility upon land in which the title remained
   in city held, subject to use tax, where plaintiff agreed to
   construct the facility at its sole cost and expense, upon com-
   pletion of the facility agreed to lease the premises for $25,000
   or more annually for 25 to 40 years under an assignable lease,
   and to operate the facility, because on facts adduced plaintiff
   was constructing parking facility for its own use and not for
   use of city (CLS 1956, § 205.94).

Appeal from Court of Claims; Weipert (William
J., Jr.), J., presiding. Submitted October 5, 1965.
(Calendar No. 1, Docket No. 50,806.) Decided
March 8, 1966.

Petition in the court of claims by H. K. Ferguson
Company, Inc., an Ohio corporation, to recover a
use tax paid under protest to the State of Michigan
and the Michigan Department of Revenue. Sum-
mary judgment for plaintiff. Defendants appeal.
Affirmed.

*Miller, Canfield, Paddock & Stone (Richard B.
Gushée, John W. Gelder,* and *George E. Parker, III,*
of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *T. Carl Holbrook*
and *William D. Dexter,* Assistant Attorneys Gen-
eral, for defendants.

Per Curiam. This is a use tax case. It arose out of a combined lease and construction contract executed October 4, 1955, by petitioner-claimant H. K. Ferguson Company and the city of Detroit. The instrument provided for construction by petitioner-claimant of the underground parking facilities that are now beneath Detroit's Grand Circus Park, all according to agreed plans, specifications, and express undertakings, and for the term leasing of such facilities by the city to petitioner-claimant.

The term of the lease commenced on "the date of completion of the subsurface parking facility." It will extend 25 years from that date with option of the lessee to renew "for an additional period of not more than 15 years." Title in fee to the land has, of course, remained in the city of Detroit.

The tax questioned by petitioner-claimant was assessed on July 30, 1959, at the sum of $40,909. The department of revenue levied that amount under the use tax act (CLS 1956, § 205.91 *et seq.* [Stat Ann 1950 Rev and Stat Ann 1957 Cum Supp § 7.555(1) *et seq.*]) for the use and consumption by petitioner-claimant of certain personal property which was purchased by petitioner-claimant and affixed by it permanently to the land, or used and consumed by it in carrying out the agreement for construction of such parking facilities. Exemption was and is claimed by petitioner under section 4(m) of the use tax act (CLS 1956, § 205.94 [Stat Ann 1957 Cum Supp § 7.555(4)]):

"Sec. 4. The tax hereby levied shall not apply to:
* * *

"(i) Property sold to the United States, * * * the State of Michigan, its departments or institutions, or any of its political subdivisions. * * *

"(m) Property purchased by persons engaged in the business of constructing, altering, repairing or improving real estate for others when property so

purchased by such persons shall be affixed and made a structural part of real estate or used and completely consumed in the fulfillment of a single contract within the exempt classifications set forth in subsections (b), (i), (j) and (k) of this section."

Petitioner-claimant paid under protest and sued in the court of claims for recovery of the amount thus paid. Judge Weipert, presiding, found in its favor. Judgment entered accordingly. The attorney general has appealed.

In his well considered opinion Judge Weipert went to the heart of the presented question of exemption. He ruled that "section 4(m) of the use tax act grants an exemption from the tax to a person when all of the following conditions are met: * * * ." The conditions are, according to the judge:

[a] The person claiming exemption must be engaged in the business of constructing, altering, repairing or improving real estate for others;

[b] The property otherwise subject to the tax must be affixed and made a structural part of real estate or be used and completely consumed in fulfillment of a single contract [within the exempt classifications appearing in section 4's designated subparagraphs], and

[c] The contract must be with the State, its departments or institutions, or with any of its political subdivisions.

The judge held that petitioner had met each of the foregoing specifications of exemption. We agree with his view of section 4(m) and with his application of that view to the situation presented by the pleadings of the parties hereto.

The attorney general's thrust for reversal turns upon certain conclusions of mixed fact and law reached, as we perceive, by over-selective rather than four-corner reading of the agreement of Oc-

tober 4, 1955. He looks upon the agreement as a mere lease.* If it were simply that, the instrument would lend support to his conviction that Judge Weipert erred. But the agreement was not a mere contract to lease land. There was nothing to lease as agreed and contemplated by the parties absent major construction, and alteration by construction, beneath the surface of a historic park in the heart of Detroit. The agreed construction job enhanced the municipal as well as actual value of the realty with the city receiving, during the demised term, the downtown benefit of vast layers of automobile parking areas. The lease depended for its agreed beginning and tenure upon precedent performance of such agreed construction, and the personal property assessed for use taxation was actually purchased by one engaged in the business of constructing and improving real estate for others and was made a structural part of the Grand Circus Park property in the course of fulfillment, within said section 4(m), of a single contract.

We vote to affirm, with award of costs to appellee.

---

* The attorney general sums up his argument this way:

"Petitioner's whole relationship with the property in question is that of a lessee. It was engaged solely in the business of improving its own leasehold interest, which it had assigned, prior to construction of a parking facility, to Carnegie. Petitioner, under the terms of the lease, was not required to build or construct anything for the city of Detroit. Petitioner entered into no construction contract with the city of Detroit, but only agreed to construct, or have constructed, as a condition in the lease, the parking facility in question at its sole cost and expense. Petitioner was not required to use or consume any tangible personal property under the lease. Its use and consumption cannot therefore be construed as being in fulfillment of a contract with the city of Detroit. Any failure of the petitioner to construct, or cause to be constructed, the parking facility would not have been a violation of a construction contract. This is exemplified by the fact that the only consideration petitioner received for the construction of the parking facility was income that it derived from its leasehold interest.

"It is therefore crystal clear that the legal arrangement here involved did not place the petitioner in the position of a person engaged in the business of constructing, altering, repairing or improving the real estate of others."

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

SOURIS, J. (*dissenting*). By virtue of the relevant statutory enactment,[1] petitioner is exempt from the use tax if it is engaged in the business of constructing, altering, repairing, or improving real estate *for others,* among whom are municipal corporations such as the city of Detroit, and if the property sought to be taxed was actually used in performing one or more of the enumerated services *for such others.* See *Knapp-Stiles, Inc.,* v. *Department of Revenue* (1963), 370 Mich 629, 639. It is the rule in this State that while ambiguity in the imposition provisions of a taxing statute is resolved in favor of the taxpayer, exemption provisions must be strictly construed in favor of the taxing authority. *Evanston Y.M.C.A. Camp* v. *State Tax Commission* (1962), 369 Mich 1, 7.

On the facts of this case of Ferguson, I am not persuaded that petitioner should be considered as having constructed the parking facility *for others.*

In *Knapp-Stiles, supra,* plaintiff building contractor secured a contract from the United States government through its department of the air force to build housing units on air force bases. Under terms of the agreement with the department, plaintiff then organized a Delaware corporation with nominal capitalization. The department leased the land upon which construction was to occur to the Delaware corporation, reserving use and possession of the land. The corporation secured financing for the construction, making progress payments to plaintiff as the construction proceeded. Title to all mate-

---

[1] CLS 1956, § 205.94 (Stat Ann 1957 Cum Supp § 7.555[4]). See currently, CLS 1961, § 205.94, as amended by PA 1964, No 164 (Stat Ann 1965 Cum Supp § 7.555[4]).

rial and work covered by the progress payments
vested in the department.

The question arose whether property purchased
by plaintiff and made a part of, or consumed in con-
struction upon, the leased lands, was exempt from
the use tax of section 4, subd (m), cited *supra,* foot-
note 1. It was argued that plaintiff was not in any
event entitled to an exemption, since the work was
being done nominally for the Delaware corporation,
instead of for one of the enumerated political en-
tities. This Court held that plaintiff was entitled to
an exemption, noting also that (p 637):

"The net total result is that after the dummy cor-
poration has served its purpose as a 'channel' during
the construction period, the department owns, op-
erates and pays for the housing facilities."

It was thus not necessary for the Court in *Knapp-
Stiles* to decide whether plaintiff would still have
been entitled to an exemption had the real party in
interest, the government, not met all three of the
criteria especially mentioned, namely, owning, op-
erating, and paying for, the result of plaintiff's con-
struction activity.

I believe it is the clear implication of the *Knapp-
Stiles* opinion that these criteria would be applied
to decide disputed questions of exemption arising
under section 4, subd (m). The Court there stated
(p 639):

"As already noted, section 4, subd (m) of the use
tax act exempts property purchased by contractors
engaged in improving real estate for others when
such property is made a part of the real estate or
is consumed in fulfillment of a contract for such
improving within exempt classifications other than
the United States and its instrumentalities or the
State of Michigan, its departments or institutions.
Thus, the exemption applies to contractors' pur-

chases of materials which are made a part of or are consumed in improving real estate for cities, villages, townships, counties, school districts, or other political subdivisions of this State but is not extended to materials purchased by contractors for like use under contract with the United States or its instrumentalities."

It follows that the Court need not have reached the question of whether such discrimination was constitutionally invalid had it not concluded that the construction plaintiff was performing was *for others,* in this case the United States, instead of *for itself.* It is reasonable to assume that the Court reached this conclusion for the same reason that it reached the conclusion that plaintiff had contracted with the United States and not with a private corporation, namely, because (p 637):

"The net total result is that after the dummy corporation has served its purpose as a 'channel' during the construction period, the department owns, operates and pays for the housing facilities."

Testing this case of Ferguson by the three criteria, we find:

1. Although nominal title to the leased premises and improvements thereon remains at all times in the city of Detroit, in actual fact the lease vested virtually all of the rights and duties of ownership in petitioner[2] for a period of at least 25 years, which period might at petitioner's option be extended to 40 years.

2. During the term of the lease the facilities are to be operated by petitioner, and not by the city.

3. Under the lease petitioner agreed to construct the facility "at its sole cost and expense" and in

---

[2] The petitioner's interest in the lease was assignable and, in fact, it was assigned upon completion of the parking facility.

addition to pay the city an annual rental of $25,000, or more depending upon gross receipts.

On this state of facts I am not convinced that petitioner should be viewed as having been "engaged in the business of constructing, altering, repairing, or improving real estate *for others*" (emphasis added); viewed realistically, petitioner improved the real estate involved herein for its own use and benefit and should not, therefore, be entitled to exemption from the use tax.

I would reverse the summary judgment in petitioner's favor entered by the court of claims and remand this cause for further proceedings.