168

SMITH FIREPROOFING CO., APPELLANT, *v.* DONAHUE,
TAX COMMR., APPELLEE.
LEVENTHAL ET AL., D. B. A. BEACON CONSTRUCTION CO.,
F. D. B. A. BEACON CONSTRUCTION CO. OF MASSACHUSETTS, INC.,
APPELLANTS, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(Nos. 40746 and 40747—Decided May 8, 1968.)

*Messrs. Fuhrman, Gertner & Britz, Mr. Marc Gertner, Mr. Abraham Gertner* and *Messrs. Roche & Lean,* for appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. W. Robinson Watters,* for appellee.

*Messrs. Schwartz & Schwartz* and *Mr. Stanley Schwartz, Jr., amicus curiae,* for appellants.

HERBERT, J. The principal question in this case is whether the purchases assessed are exempt from sales and use taxation by the state of Ohio under the provisions of Section 5739.02 (B) (14) of the Revised Code.

Section 5739.02 (B) (14) provides, in pertinent part:

"(B) The [sales] tax does not apply to the following:

"* * *

"(14) Building and construction materials sold to construction contractors for incorporation into a structure or improvement to real property *under a construction contract with this state or a political subdivision thereof or with the United States government or any of its agencies,* building and construction materials sold to construction contractors for incorporation into a structure or improvement to real property *which are accepted for ownership by this state or any of its political subdivisions or by the*

*United States or any of its agencies at the time of completion* of such structures or improvements * * *." (Emphasis added.)

It appears that the General Assembly contemplated two separate types of building construction agreements in subsection (14) as stated below:

(1) Where a government agency enters into a *construction contract* with a builder whereby the latter builds a structure on real estate owned by the governmental agency and the building and construction materials are sold to the contractor for incorporation into the structure or improvement, such materials are exempt from taxation.

(2) Building and construction materials sold to construction contractors for incorporation into a structure or improvement to real estate *which are accepted for ownership* by a governmental agency *at the time of completion,* are exempt from the sales tax.

A brief reference to the authority granted by federal statutes to the Postmaster General in acquiring facilities for use in the postal service, may cast further light upon the intent of the General Assembly in respect to Subsection (B) (14), *supra.*

Chapter 23, Title 39, U. S. Code, in its pertinent part reads:

"Section 2102 *Leases.*

"(a) Notwithstanding any other provision of law the Postmaster General may *lease,* on such terms as he deems appropriate, real property necessary to the conduct of the affairs of the department. * * *" (Emphasis added.)

Section 5739.02 (B) (14) contains no provision for the exemption of building and construction materials incorporated in the construction of leased property from the sales tax.

Section 2103, Title 39, U. S. Code, authorizes the Postmaster General to acquire by purchase, condemnation, lease, donation, appropriation *or* to dispose of real estate for the best interest of the United States.

The Post Office Department originally owned the real

estate upon which the Toledo Post Office building was located. Moreover, under the authority granted to the Department by Section 2103, *supra,* it sold and conveyed the land to Beacon and then leased the structure to be erected on the site under government specifications for a thirty-year period with eight successive five-year additional option periods. This indicates that the government had a reason not to enter into a contract for the building of a facility on land which it owned. Had the federal government *owned* the land upon which the facility was built, then the building and construction materials incorporated into the building would have been exempt from sales tax.

Beacon acquired title to the land upon which it built the structure under the agreement to lease, and leased the real estate and improvements to the United States Post Office Department. The building and construction materials going into the leased premises were, therefore, *not* exempt from sales tax.

Thereafter, Beacon's interest was solely to receive the rent under the terms of the lease. The post office site and the improvements thereon were never "accepted for ownership" by the Post Office Department, nor did either party to the lease so intend.

Appellants have cited several cases decided in other jurisdictions which allow tax exemptions of materials used in military housing projects authorized by the Defense Housing Act, Section 801 *et seq.,* as amended, Section 1594, Title 42, U. S. Code. We have examined the cases cited by appellant, and note that they differ substantially from the case at bar.

In those cases, the federal agencies retained title to the land upon which the structures were built. See *Knapp-Stiles, Inc.,* v. *Department of Revenue,* 370 Mich. 629, 122 N. W. 2d 642. Where private enterprise has retained a substantial interest in a military housing project, a tax on the materials incorporated in the construction of such building projects has been sustained. See *Gay* v. *Jemison* (Fla.), 52 So. 2d 137.

Appellants raise two constitutional questions. First, it is urged that these assessments of the sales tax violate Section 2, Article XII of the Ohio Constitution which authorizes the enactment of tax-exemption statutes. This section permits such exemptions, but it does not purport to assure them by legislation.

The second constitutional attack is that these taxes violate the supremacy clause, Article VI of the Constitution of the United States. Indirect state taxation of federal instrumentalities, whereby the federal government bears the ultimate economic burden of the tax, has been held permissible so long as the tax imposed by the state does not discriminate against the federal government. In the cases of *Alabama* v. *King & Boozer*, 314 U. S. 1, 86 L. Ed. 3, and *Curry* v. *United States*, 314 U. S. 14, 86 L. Ed. 9, direct government contractors were required to pay state sales and use taxes although such taxes increased the contract price to the federal government through the ''cost-plus'' terms of the contract. No authority has been cited, nor does our search reveal any authority holding that the Ohio sales tax discriminates against the United States. Accordingly, there is no occasion to hold invalid the assessments of the Ohio sales and use taxes here involved. See *Phillips Chemical Co.* v. *Dumas Independent School Dist.*, 361 U. S. 376, 4 L. Ed. 2d 384. It is our conclusion that the assessments at bar were a proper exercise of constitutional power.

The decisions of the Board of Tax Appeals, being neither unreasonable nor unlawful, are therefore affirmed.

*Decisions affirmed.*

ZIMMERMAN, MATTHIAS, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., and O'NEILL, J., dissent.