Dye, J.
This appeal presents a problem of intergovernmental tax immunity with specific reference to the right of the State to impose a mortgage recording tax on mortgages given by private corporations on lands leased from the Federal Government.
The facts giving rise to the problem supply the answer. On January 14, 1957 the Department of the Air Force, U. S. A., through the Contracting Officer of Plattsburgh Air Force Base, issued an invitation for bids for the construction, through Federal Housing Administration insured mortgage financing, of an Armed Services housing project at Plattsburgh Air Force Base, consisting of 1,685 on-base family units. The petitioner, as low bidder, was awarded the contract for the sum of $27,578,000. The procedure employed to carry out this contract was as complicated as the objective was simple. The petitioner, upon being awarded the contract, formed five Delaware corporations with paid-in capital stock of $1,000 each, of which the petitioner was the sole stockholder. Each of the five corporations leased certain described lands at the Plattsburgh Air Force Base for a term of 55 years, paying as a total rent under each lease the sum of $1,000. The five corporations then borrowed *640 $27,578,000 from the Chemical Corn Exchange Bank of New York, evidenced by their promissory notes, and secured by five mortgages on the leased premises. When the five mortgages in varying amounts of principal aggregating $27,578,000, each dated May 6, 1957, were presented to the Clinton County Clerk for recordation, he demanded recording fees which admittedly were due (Real Property Law, § 291; Civ. Prac. Act, §§ 155A-1556) and a mortgage recording tax, aggregating $137,000, which the petitioner as ‘1 eligible builder ’ ’ paid under protest (Tax Law, § 253). In its demand for refund, the petitioner-appellant challenges the validity of the tax as having been imposed upon lands and obligations of the Federal Government and upon instrumentalities used by the Government in carrying out its functions and, more specifically, because the tax in question violates section 511 of the Housing Act of 1956 (cf. U. S. Code [1952 ed., Supp. V, p. 2802], § 1594, “ Savings Provisions ”).
We do not read section 511 of the Housing Act of 1956 as providing immunity from payment of the challenged mortgage recording tax. Quite obviously, that statute concerns itself with the exemption from a property tax or assessment by a State or local government upon the leasehold interest of a lessee of lands from the Federal Government (see U. S. Code, tit. 12, §§ 1748-1748h; House Report, No. 2363, 84th Cong., 2d Sess., pp. 48-49). The issue of the vulnerability of a leasehold to a local property tax was decided and sustained in Offutt Rousing Co. v. Sarpy County (351 U. S. 253).
Section 253 of the Tax Law imposes a recording tax upon every mortgage at the rate of “ fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is * * * secured * * * by a mortgage on real property situate within the state We have long since determined that the mortgage recording tax is not a tax on property, but a tax upon the privilege of recording a mortgage which in no way conflicts with the provisions of the New York Constitution (art. XVT, § 3) or with the United States Constitution (14th Arndt., § 1) (Franklin Soc. v. Bennett, 282 N. Y. 79, appeal dismissed 309 U. S. 640). We conclude, therefore, that the immunity envisioned by section 511 of the Housing Act of 1956 has no applicability here.
*641 Likewise, we must reject appellant’s contention that the subject mortgages, as direct obligations to the United States, are immune from State or local taxation, as provided in section 3701 of the Revised Statutes of the United States (U. S. Code, tit. 31, § 742) which exempts “Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States ” since they are not “ of the same type as those specifically enumerated” in the statute (Smith v. Davis, 323 U. S. 111, 117). Under the arrangement authorized by the Enabling Act, it is clear that the device employed was designed to relieve the Government of its financially burdensome obligation to provide housing for its military personnel and at the same time avoid increasing the national debt. It did not pledge its credit in the usual sense, but merely guaranteed each “ periodic payment ” based on a monthly average of $90 per family unit.
The appellant’s contention that this petitioner and the five corporate mortgagors are instrumentalities of the Federal Government or its agencies and, as such, are exempt from State and local taxation, is without substance. The cases relied on (Federal Land Bank v. Crosland, 261 U. S. 374, and Pittman v. Home Owners’ Corp., 308 U. S. 21) are inapplicable since they turned on Federal statutes which expressly declared the Federal Land Bank and the Home Owners’ Loan Corporation to be Federal instrumentalities. At the time of the execution, delivery and recording of these mortgages, each of the mortgagors was a private corporation, all of the capital stock of which was privately owned. They were created for a commercial purpose for private profit, as distinguished from a governmental purpose. In the absence of statute to the contrary, it may not be assumed that a governmental function was involved. They possess all of the requisites and responsibilities of corporate existence and, as such, are an entity separate and apart from the United States (United States v. Strang, 254 U. S. 491) and this is so, notwithstanding the fact that all of the capital stock of each corporation will ultimately be owned by the Federal Government {Sloan Shipyards v. United States Fleet Corp., 258 U. S. 549). Accordingly, we conclude that the five mortgagors were not instrumentalities of the Federal Government at the time of the recording.
*642 Wc are also obliged to reject the appellant’s remaining contention that the mortgage recording tax, as here imposed, amounted to a tax on personal property which is exempt from taxation in New York (Tax Law, § 2; Matter of Fort Hamilton Manor v. Boyland, 4 N Y 2d 192 [holding that a leasehold interest as a chattel real was exempt]). While a mortgage is personal property and may no longer be subjected to a property tax, it nonetheless is a misconception of the State Tax Law to say that a recording tax is a tax on property or an interest in property, either as personalty or as realty because it covers land. As we have already said, section 253 of the Tax Law is not a tax on property but a tax on the privilege of recording the mortgage. The United States Supreme Court has recently refused to invalidate an expressly authorized nonproperty tax under an otherwise valid statute or extend the Government’s constitutional immunity to shield private parties therefrom, merely because part or all of the financial burden eventually falls on the Government, for to do so would improperly impair the taxing power of the State (United States v. City of Detroit, 355 U. S. 466 [1958]).
The order of the Appellate Division should he affirmed, with costs.
Chief Judge Conway and Judges Desmond, Fuld, Froessel and Burke concur with Judge Dye ; Judge Van Voorhis dissents and votes to reverse and to annul and refund the mortgage recording tax in the following memorandum: Although under our State law the tax is imposed upon the recording of the mortgage (Franklin Soc. v. Bennett, 282 N. Y. 79), this case is controlled by Federal law under which the tax is on the mortgage itself, which is a Federal instrumentality exempt from State taxation (Federal Land Bank v. Crosland, 261 U. S. 374; Pittman v. Home Owners’ Corp., 308 U. S. 21; Housing Act of 1956, § 511, U. S. Code [1962 ed., Supp. V, p. 2802], tit. 42, § 1594, Historical Note, Savings Provisions). Unlike the Wherry Act, the Capehart Act, under which this military housing project was authorized, renders petitioner-appellant merely a builder and not a private sponsor of the military housing. The United States, through its Department of Defense, is the sponsor, financier and owner of the entire project. The mortgagor corporations are mere fictions, and they and the *643 mortgagee banks had no other function in this business than to act as agents for the Federal Government (Clallam County v. United States, 263 U. S. 341, 345; Railroad Co. v. Peniston, 18 Wall. [85 U. S.] 5, 42). The situation is, therefore, the same, in legal effect, as though the mortgages ran to the Federal Land Bank or the Home Owners’ Loan Corporation, where State mortgage recording taxes were held to be invalid in the Crosland and Pittman cases above cited.
Order affirmed.