■ In the Matter of CITY OF NEW YORK, Petitioner, v JAMES H. TULLY et al., Constituting the New York State Tax Commission, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which ordered a refund of a mortgage recording tax paid pursuant to article 11 of the Tax Law. The facts in this case parallel those in *Matter of Hotel Waldorf-Astoria Corp. v State Tax Comm.* (86 AD2d 330). Petitioner City of New York insisted upon and collected a mortgage recording tax in the sum of $562,500 paid under protest upon recordation of a mortgage given by Hotel Waldorf-Astoria Corporation on December 7, 1977 to secure a loan of $45,000,000 made by the New York State Employees' Retirement System. After an administrative hearing upon a petition by the Hotel Waldorf-Astoria Corporation for a redetermination, respondent State Tax Commission held that the mortgage was exempt from payment of the mortgage recording tax under section 253 of the Tax Law because the owner of the mortgage, the retirement system, enjoyed immunity from taxation as an agency of the State of New York. Petitioner City of New York, which collected and retained portions of the tax, commenced this proceeding seeking an order annulling respondent's determination. The sole issue raised by petitioner is whether respondent's determination is erroneous, contrary to law, and is not supported by substantial evidence. We hold that the determination is neither erroneous nor contrary to law. The New York State Employees' Retirement System is an agency of the State of New York (*Glassman v Glassman,* 309 NY 436, 440), and, as such, is immune from taxation. This immunity is enjoyed independent of the exemptions from taxation set forth in section 252 of the Tax Law (*Bush Term. Co. v City of New York,* 282 NY 306, 318-321; *Matter of Hamilton,* 148 NY 310, 313-314). The funds of the retirement system are its property and are maintained and invested for a public use (*Matter of County of Erie v Kerr,* 49 AD2d 174, 179). The mortgage is similarly property of the immune agency and thus exempt from taxation (see *Matter of Acme Venetion Blind & Window Shade Corp.,* State Tax Comm., June 30, 1969; *Matter of Cooper Specialty Mfg. Corp.,* State Tax Comm., June 30, 1969; *Matter of Corlind Holding Corp.,* State Tax Comm., March 18, 1968). It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld, and that the judicial function is exhausted when a rational basis is found for the conclusion arrived at by the administrative body (*Matter of Conde Nast Pub. v State Tax Comm.,* 51 AD2d 17, 19, app dsmd 39 NY2d 942). Respondent correctly determined that the imposition of the mortgage recording tax was unlawful (*Matter of First Nat. City Bank v City of New York Fin. Admin.,* 43 AD2d 823, mod 36 NY2d 87). The record reflects documentary evidence, submitted in support of the facts before respondent, which in part form the basis and rationale for its determination. No sworn testimony or documentary evidence appears in the record in opposition to respondent's determination. As stated by Associate Judge Jasen, writing for a unanimous Court of Appeals in the case of *Matter of Liberman v Gallman* (41 NY2d 774, 779): "All of this is not to say that the record would not have supported a contrary conclusion by the agency. However, the scope of judicial review is

limited. The courts may intervene only where the determination of the commission is erroneous as a matter of law. We may not substitute our judgment for that of the commission where reasonable minds may differ as to the probative force of the evidence. The record in this case contains sufficient facts to sustain the commission's determinations and there our review must end. "It cannot be said upon this record that respondent's determination is unsupported. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.