In the Matter of CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, November 4, 1982

**APPEARANCES OF COUNSEL**

*Hancock, Estabrook, Ryan, Shove & Hust (E. Parker Brown, II,* and *Joseph H. Murphy* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Diane DeFurio Foody* and *William J. Kogan* of counsel), for respondents.

**OPINION OF THE COURT**

WEISS, J.

In computing the amount of highway use tax due under subdivision 3 of section 503 of the Tax Law, respondents determined that the unloaded weight of petitioner's vehicles should include full tanks of diesel fuel pursuant to the definition of unloaded weight found in subdivision 7 of section 501 of the Tax Law, which determination increased

the unloaded weight of petitioner's vehicles and placed them in higher tax brackets. As the result of this computation in a 1973 audit of petitioner's 1969-1973 tax returns, an assessment of additional tax and interest was made. In this CPLR article 78 proceeding to review the determination, petitioner contends that respondents unlawfully extended the interpretation of "equipment necessary for the performance of the function of the vehicle as a vehicle", includable in the unloaded weight of a vehicle (Tax Law, § 501, subd 7) to include the weight of full tanks of diesel fuel. Regulations in effect at the time in question provided that: "The following equipment is therefore included in the unloaded weight * * * (5) Oil, gasoline and water in attached receptacles ordinarily provided by the manufacturer for such purpose" (former 20 NYCRR 472.6 [c][5].)* Respondents contend that the statute and regulation (then in effect) should be construed to mean that diesel fuel was included with oil, gasoline and water, although at the time not specifically listed as includable in the unloaded weight of a vehicle.

Petitioner argues that respondents' determination is erroneous, contrary to law, and not supported by substantial evidence.

We hold initially that the record contains substantial evidence to support the determination. The exhibits in evidence demonstrate that petitioner's computation of the unloaded weight of its vehicles was made without, *inter alia,* the weight of diesel fuel, which is seven pounds per gallon. The weights petitioner reported on its tax returns were increased by respondents to reflect the weight of full tanks of diesel fuel, and the additional assessments together with interest computed.

We further hold that the determination was neither arbitrary, capricious nor clearly erroneous. This court has recently held that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld, and that the judicial function is exhausted when a rational

---

* The regulation was later amended, effective December 18, 1979, to state: "oil, gasoline, *diesel and other fuel* and water in attached receptacles ordinarily provided by the manufacturer for such purpose" (20 NYCRR 472.6 [c][5]; emphasis added).

basis is found for the conclusion arrived at by the administrative body" (*Matter of City of New York v Tully*, 88 AD2d 701, citing *Matter of Condé Nast Pub. v State Tax Comm.*, 51 AD2d 17, 19, app dsmd 39 NY2d 942). The regulations in effect at the time in question provided that "equipment necessary for the performance of the function of the vehicle as a vehicle" (Tax Law, § 501, subd 7) included gasoline, oil and water in attached receptacles (former 20 NYCRR 472.6 [c][5]). It is rational and reasonable to include diesel fuel with the terms gasoline, oil and water, and to hold that such fuel is necessary to operate a vehicle. Judge LEARNED HAND aptly stated that courts should be wary of making "a fortress out of the dictionary" (*Cabell v Markham*, 148 F2d 737, 739), since there "is no more likely way to misapprehend the meaning of language * * * than to read the words literally, forgetting the object which the document as a whole" seeks to achieve (*Central Hanover Bank & Trust Co. v Commissioner of Internal Revenue*, 159 F2d 167, 169). It is not unreasonable to include diesel fuel along with gasoline and oil as fuels to be included in the unloaded weight of a vehicle. The use of the weight of a full tank of fuel in computing the unloaded weight of a vehicle despite varying weights of vehicles due to varying sizes of tanks and quantities of fuel therein, is a practical method for tax computations. Petitioner exercised the option to report and pay taxes on the basis of the unloaded weights of its vehicles. Respondents are given the power to prescribe means and methods necessary to determine vehicle weights (Tax Law, § 509, subd 1) and to make reasonable rules and regulations to effectuate the purposes of the law (Tax Law, § 509, subd 7). The Legislature's intent in passing the highway use tax was to impose the cost of highway maintenance equitably among those who use the State's roads in proportion to the wear and damage caused by the weight of the vehicles placed thereon (L 1951, ch 74, § 1).

A determination of the State Tax Commission is not to be disturbed upon review unless clearly shown to be erroneous (*Matter of Young v Bragalini*, 3 NY2d 602). In *Matter of Petrolane Northeast Gas Serv. v State Tax Comm.* (79 AD2d 1043, 1044), this court held that "[w]here, as here,

the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must initially apply it, the reviewing court's function is limited. The judicial role is exhausted as long as there is, as here, substantial evidence for the agency determination (CPLR 7803, subd 4; *Hidley v Rockefeller,* 28 NY2d 439)." We find no basis in the record to disturb the determination.

The determination should be confirmed, and the petition dismissed, without costs.

KANE, J. P., MAIN, MIKOLL and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.