■ In the Matter of C. E. TOWERS COMPANY, Appellant, v STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered January 14, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a refund of a mortgage recording tax.

At issue is a mortgage recording tax of $247,911 paid by petitioner in May 1981, in connection with the recording of a construction loan mortgage petitioner obtained from Chase Manhattan Bank (hereinafter Chase) to erect a 16-story office building. In 1980, the State Comptroller, as trustee of the Common Retirement Fund of the New York State Employees' Retirement System (hereinafter the Retirement System), issued a commitment to petitioner to make a first mortgage loan on the property upon completion of the building and

satisfaction of other conditions. In 1982, in accordance with that commitment, the Retirement System purchased the construction loan and Chase assigned to it the building loan mortgage. Petitioner subsequently sought a refund of the mortgage recording tax on the premise that even before the tax was paid the Retirement System, a tax-exempt entity, was the "end lender" destined to hold the mortgage. Respondent denied petitioner's application, finding that the mortgage given to Chase to secure interim financing was not exempt from taxation even though its ultimate assignment to an exempt organization was previously contemplated in the Retirement System's mortgage commitment. Petitioner's CPLR article 78 proceeding to annul respondent's determination was dismissed, prompting this appeal. We affirm.

Since petitioner seeks the benefit of the Retirement System's exemption, which, like all tax exemptions is strictly and narrowly construed, the burden is on petitioner to demonstrate that it comes within the reach of the exemption (see, Dental Socy. v New York State Tax Commn., 110 AD2d 988, 989, affd on opn below 66 NY2d 939). That burden has not been met.

As observed in Matter of S. S. Silberblatt, Inc. v Tax Commn. (5 NY2d 635, cert denied 361 US 912), an analogous case, when the parties involved in the transaction at the time of recording are private concerns the mortgage recording tax is due, notwithstanding eventual ownership of the debts by a governmental instrumentality pursuant to a previous agreement (supra, at 641). It is undisputed that petitioner and Chase, both private entities, were the only parties to the building loan mortgage when it was recorded. At that time, and for some time thereafter, the mortgage secured Chase's loan to petitioner; the Retirement System had advanced no funds to petitioner nor did the mortgage secure any obligation owed the Retirement System. We find no basis here in fact or law to depart from Matter of S. S. Silberblatt, Inc. v Tax Commn. (supra).

Petitioner asserts that the interim lender, Chase, should be ignored lest the Retirement System lose its tax advantage in the mortgage market. Even if there is merit to this policy argument, which is questionable, we cannot avail ourselves of it for courts are not empowered to extend statutes (People ex rel. U. S. Tit. Guar. Co. v State Tax Commn., 230 NY 102, 105). There being no express statutory exemption applicable to petitioner's circumstance, petitioner's remedy lies with the Legislature.

The alternative argument advanced by petitioner, that Chase was merely an agent for the Retirement System, is simply not supported by the record; there is no showing that the Retirement System gave its consent to have Chase act on its behalf or that Chase agreed to act under the control of the Retirement System (see, Meese v Miller, 79 AD2d 237, 241).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.