OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The Appellate Division correctly held that respondent’s *876 former regulation (20 NYCRR former 3.11) conflicts with the plain meaning of Tax Law § 208 (9), which provides that "entire net income” under the State Tax Law is "presumably the same as the entire taxable income which the taxpayer is required to report to the United States treasury department”. We have held, in interpreting a predecessor version of Tax Law § 208 (9), that the term "presumably”, as it appears in the statute, was not intended to afford respondent the freedom to vary the meaning of "entire net income” insofar as such income is equated with the income a taxpayer reports to the United States Treasury (see, People ex rel. Standard Oil Co. v Law, 237 NY 142, 147; People ex rel. Barcalo Mfg. Co. v Knapp, 227 NY 64, 71). Moreover, it is clear that under the Federal tax law, a regulated investment company (RIC) such as petitioner is permitted to deduct dividends paid to shareholders in determining its "taxable income” for Federal income tax purposes (see, 26 USC § 852 [b] [2] [D]; Rev Ruling 72-383, 1972-2 CB 442).
We reject respondent’s contention that a 1979 amendment to the State Tax Law granting RIC’s the shareholder dividend deduction demonstrates that, prior to the amendment, RIC’s were not entitled to the deduction (see, Tax Law § 209 [7], as added by L 1979, ch 500, § 1). The fact that the Legislature decided to grant the deduction in 1979 does not mean that respondent’s then prevailing interpretation of Tax Law § 208 (9) was valid. There is nothing in the legislative history of the 1979 amendment to support respondent’s conclusion that RIC’s were not entitled to the deduction in 1976. Legislative approval of a past administrative interpretation should not be inferred from a statutory amendment that makes no reference to the prior administrative practice. "Action so ambiguous in its implications as to the past is wanting in that certainty and evident purpose which would justify its acceptance as a legislative declaration of what an earlier [Legislature] had intended rather than an effort to make clear that which had been rendered dubious by unwarranted administrative construction” (Haggar Co. v Helvering, 308 US 389, 400). We have examined respondent’s remaining contentions and find them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.