■ In the Matter of AERO MAYFLOWER TRANSIT COMPANY, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a highway use tax assessment imposed under Tax Law article 21.

On November 23, 1982, the Department of Taxation and Finance assessed additional highway use taxes (both for truck mileage and fuel use) pursuant to Tax Law article 21 against petitioner, a large foreign transportation corporation licensed to do business in this State, for the audit period October 31, 1978 through June 30, 1982. Employing a test-period basis with petitioner's consent, the Department's Audit Division determined that petitioner underreported the mileage of vehicles assigned to its new products division by excluding certain individual shipments which contained both household goods and new products. The Audit Division also determined that mileage had been underreported on vehicles assigned to petitioner's electronics division, in that certain shipments were deemed to include nonexempt goods. The Audit Division assessed the resulting deficiencies by denying each vehicle an exemption for the month in which the taxable shipment was made. In addition, the Audit Division disallowed certain fuel use credits premised on fuel purchases within New York by Warners Motor Express, Inc., an exclusive agent of petitioner. After a hearing, respondent substantially upheld the additional assessments. This CPLR article 78 proceeding ensued and was transferred to this court for resolution.

Tax Law § 504 (5) provides an exemption from the highway use tax for any vehicle "[u]sed *exclusively* in the transportation of household goods" (emphasis supplied). The first issue

concerns respondent's application of the underscored term. As indicated, respondent determined that each vehicle in which a "contaminated" shipment was transported (i.e., one including nonexempt goods) lost its exemption for the entire month in which the shipment occurred. Petitioner challenges this construction as implausible and urges that the exemption should be denied, if at all, only with respect to each individual shipment.

It is well established that statutory tax exemptions are strictly construed; to prove entitlement, a petitioner must show that the only reasonable construction of the challenged provision substantiates the exemption *(see, Matter of Blue Spruce Farms v New York State Tax Commn.,* 99 AD2d 867, *affd* 64 NY2d 682). Notably, respondent's interpretation of the term "exclusively", as referring to the use of a truck during a given tax period, is consistent with penalty provisions pertaining to other exempt vehicles *(see, Matter of Lakeland Farms Co. v State Tax Commn.,* 40 AD2d 15, 18; *see also,* 20 NYCRR 471.4, 471.5). That neither Tax Law § 504 (5) nor the accompanying regulations define a specific penalty period does not, as petitioner suggests, vitiate respondent's interpretation, for the issue remains whether respondent has rationally applied the statute. In effect, petitioner has merely offered an alternative application of the exclusive use provision. In our view, respondent's extension of the exemption penalty through the reporting period, i.e., for one month, is entirely rational and need not be disturbed *(see, Matter of Consolidated Freightways Corp. v Tully,* 89 AD2d 270, 271-272, *affd* 59 NY2d 897; *Matter of Lakeland Farms Co. v State Tax Commn., supra).*

The second issue pertains to certain electronics division shipments which respondent found were not entitled to the "household goods" exemption set forth in Tax Law § 504 (5). The scope of the exemption is determined by reference to the definition of "household goods" by either the State's Commissioner of Transportation or the Interstate Commerce Commission (Tax Law § 504 [5]; 20 NYCRR 482.1 [f]). The Interstate Commerce Commission has defined "household goods" to include "articles * * * which because of their unusual nature or value require the *specialized handling and equipment* usually employed in moving household goods" (49 USC § 10102 [11] [c] [emphasis supplied]). This definition has been further amplified by Tariff No. 404-A pertaining to computer equipment. Petitioner essentially maintains that the disputed shipments actually qualified as "household goods" as defined above. Although petitioner complains that the Audit Division failed

to look beyond the service orders attendant these shipments, we reiterate that it was petitioner's burden to demonstrate entitlement to the exemption. Moreover, the fact that shippers were willing to pay the higher costs associated with "household goods" is not, as petitioner suggests, determinative of this issue. Respondent's determination that petitioner failed to establish that the disputed shipments required "specialized handling and equipment" is supported by substantial evidence and warrants confirmation (see, *Matter of Consolidated Freightways Corp. v Tully,* 89 AD2d 270, *supra*).

Finally, respondent's disallowance of the fuel use credit for purchases made by Warners is supported by substantial evidence in the record. Tax Law § 503-a (3) authorizes a credit against the fuel tax for fuel purchased by the carrier in New York. Petitioner, however, failed to present the purchase receipts or otherwise show that it had reimbursed Warners for the fuel and associated taxes. Moreover, while petitioner maintains that the Warner purchases were simply an isolated occurrence, respondent could rationally extend the credit disallowance over the full audit period.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.