OPINION OF THE COURT
Judith J. Gische, J.
Plaintiff Hudson Valley Federal Credit Union (Hudson Valley) is a member-owned cooperative association incorporated under the Federal Credit Union Act of 1934. Hudson Valley has *1003 brought this declaratory action to challenge the imposition of the New York State mortgage recording tax on mortgages given to secure loans Hudson Valley makes to its members. The gravamen of its claim is that federal credit unions are immune from such taxation under the Federal Credit Union Act of 1934 and the Supremacy Clause of the United States Constitution.
Defendants New York State Department of Taxation and Finance, Commissioner Robert L. Megna and the State of New York (collectively DTF) now move to dismiss the complaint on the separate grounds of (1) lack of jurisdiction, and (2) failure to state a cause of action. (CPLR 3211 [a] [2], [7].) The motion is opposed by Hudson Valley. It is also opposed by the National Association of Federal Credit Unions, the Credit Union Association of New York and the United States of America, each of which was permitted to file memoranda of law in an amicus capacity.
The Complaint
The complaint seeks declaratory relief. It alleges that under the Federal Credit Union Act of 1934 (FCUA), all federal credit unions are exempt from “virtually all state and local taxation, including taxation on intangible property such as mortgages.” Tax Law, article 11, §§ 250-256 provide for the imposition of a mortgage recording tax (sometimes MRT) on each mortgage on real property situated within New York State, except where there is an applicable exemption. The complaint further alleges that, although the MRT is silent as to who pays the MRT, the burden falls upon the mortgagee, because the failure to record a mortgage renders it void as against a subsequent good faith property purchaser for value. The complaint then states that because the MRT does not fall within any exception to the exemption from taxation provided in the FCUA, it may not be imposed on Hudson Valley. The complaint also alleges that federal credit unions as “instrumentalities of the United States government, are afforded immunity from taxation under the Supremacy Clause of the United States Constitution.”
Discussion
DTF argues that this action should be dismissed because: (1) Hudson Valley failed to exhaust its administrative remedies; (2) the action is otherwise barred by the doctrine of primary jurisdiction; and (3) as a matter of law, federal credit unions are not exempt from the MRT.
*1004 (1) Failure to Exhaust Administrative Remedies
It is undisputed that, prior to bringing this action, on or about December 3, 2008, Hudson Valley filed a claim for a refund of the MRT already paid in connection with certain mortgages on loans that it had provided to its members. The amount of the refund sought was $1,868,546.68. The arguments made in support of the refund are identical to those raised in this declaratory judgment action.
On May 8, 2009, DTF’s audit division issued an “initial informal determination” denying the requested refund. On May 20, 2009, Hudson Valley filed the instant declaratory judgment action. The instant complaint seeks no relief as to the monies that are the. subject of the claim for a refund. It seeks a prospective determination about the legality of charging the MRT in connection with recording mortgages made by federal credit unions. On August 3, 2009, Hudson Valley filed a petition with the Division of Tax Appeals, challenging the May 8, 2009 denial of its refund. That petition will eventually go before an administrative law judge.
DTF has a sophisticated administrative review procedure to consider taxpayer complaints. That procedure includes the taxpayer’s ability to file a petition with the Division of Tax Appeals, have a hearing thereon, a right to appeal to a tax appeals tribunal and then the right to judicial review. (Tax Law, art 40, § 2000 et seq.; 20 NYCRR 3000.4, 3000.15, 30Ó0.17, 3000.20.) DTF claims that by preemptively bringing this declaratory judgment action, without first fully utilizing the available administrative remedies, the action should be dismissed without the court even reaching the merits of the underlying action.
In general, a party objecting to any action taken by an administrative agency must exhaust available administrative remedies before it can litigate its position in a court of law. (Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136 [1995].) There are, however, recognized exceptions to the rule. They include when: (1) agency action is challenged as being either unconstitutional or wholly beyond its grant of power; (2) resort to an administrative remedy would be futile; and (3) its pursuit would cause irreparable harm. (Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d 52 [1978].)
Hudson Valley argues that it fits within all three exceptions to the general rule. This court holds that Hudson Valley only fits within the first exception, but even so, this is enough to withstand a motion to dismiss the complaint for failure to *1005 exhaust administrative remedies. (Tennessee Gas Pipeline Co. v Urbach, 96 NY2d 124 [2001].) Preliminarily, there is no showing that the DTP has ever before, let alone, consistently, ruled that federal credit unions are not exempt from the MRT. Thus, the argument of futility is rejected. Moreover, Hudson Valley has not made a showing of irreparable harm. Hudson Valley’s prediction that it will not be able to sell mortgages to its members because of the increased costs of credit due to the MRT is not factually supported in this record. The lone newspaper article which Hudson Valley references generally discusses whether New York State’s high closing costs, including the MRT, affect mortgage refinancing. It does not establish that Hudson Valley will suffer irreparable harm if compelled to administratively challenge the tax before being heard in court.
Hudson Valley has shown, however, that the issues raised are partly constitutional and, otherwise, issues of pure statutory construction. Arguments regarding the Supremacy Clause of the Unites States Constitution are self-evidently constitutional issues. In addition, if Hudson Valley is correct in its statutory interpretations, then DTF’s application of the MRT to federal credit unions would be beyond DTF’s grant of power.
DTF argues that because there are underlying disputed issues of fact, the issues of constitutional interpretation and statutory construction are not ripe for court review without prior administrative action. In particular, DTF claims there are factual disputes about whether Hudson Valley or the mortgagors actually paid the MRT on any given transaction in the past. DTF argues these factual issues must be sorted out and resolved before the court can address the constitutional and statutory application of the tax. Where a constitutional issue hinges upon factual issues reviewable at the administrative level, the factual issues must first be addressed by the agency, so that a necessary factual record can be established. (Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ., 63 AD3d 943 [2d Dept 2009].)
Here, however, there are no issues that require factual determination before the statutory and constitutional issues may be reached. The legal issues raised by Hudson Valley, i.e., whether mortgage loans made by federal credit unions Eire subject to the MRT, do not turn on whether the federal credit union pays such costs itself, whether it passes such costs on to the mortgagor, or whether it Eimortizes such costs over the fife of the loan. In this regard, the court agrees with Hudson Valley that regardless of *1006 who pays the tax, the burden and the benefits rest primarily with the mortgage holder. (See Tennessee Gas Pipeline Co. v Urbach, 96 NY2d at 130.)
Nor is the court persuaded that because Hudson Valley has also filed an administrative petition contesting the denial of its claim for a refund, it has elected its remedy and, therefore, this declaratory judgment action is now foreclosed. (Banfi Prods. Corp. v O’Cleireacain, 182 AD2d 465 [1st Dept 1992].) While identical arguments are raised in both this and the pending administrative proceeding, and there may be res judicata implications, the administrative action is seeking redress for the MRT already paid, whereas this declaratory action seeks prospective relief from having to pay the MRT in the future.
Consequently, the court rejects the argument that this matter should be dismissed because Hudson Valley failed to exhaust its administrative remedies.
(2) The Primary Jurisdiction Doctrine
DTE argues that, regardless of whether Hudson Valley is required to exhaust its administrative remedies, this action should be dismissed because DTE has primary jurisdiction over these matters. The doctrine of primary jurisdiction recognizes that while both the courts and an administrative agency may have concurrent jurisdiction over a matter, the court may exercise its discretion to defer to the agency, which has the “necessary expertise to dispose of an issue.” (Davis v Waterside Hous. Co., 274 AD2d 318, 319 [1st Dept 2000].) The doctrine, however, is not relevant to issues concerning the applicability or constitutionality of a statutory scheme. (Sohn v Calderon, 78 NY2d 755, 767 [1991]; Matter of First Natl. City Bank v City of N.Y. Fin. Admin., 36 NY2d 87 [1975].)
Since the only issues for consideration in this declaratory action are the applicability and/or constitutionality of the MRT as it applies to federal credit unions, the doctrine of primary jurisdiction has no application in this case. Consequently, the court denies DTF’s motion to dismiss the action on the basis of primary jurisdiction.
(3) The Application of the MRT to Federal Credit Unions
The FCUA provides in pertinent part:
“The Federal credit unions organized hereunder, their property, their franchises, capital, reserves, surpluses, and other funds, and their income shall be exempt from all taxation now or hereafter *1007 imposed by the United States or by any State, Territorial or local taxing authority; except that any real property and any tangible personal property of such Federal credit unions shall be subject to Federal, State, Territorial, and local taxation to the same extent as other similar property is taxed.” (12 USC § 1768.)
Federal credit unions are member-owned, not-for-profit, cooperative associations organized pursuant to the FCUA. Federal credit unions were established for the purpose of promoting thrift among its members and creating a source of credit for provident or productive purposes. (12 USC § 1752 [1].) Among the credit products federal credit unions provide for their members are loans which are secured by first or second mortgages on real property. (12 USC § 1757 [5] [A].)
Under New York law, whenever an institution provides a loan which is secured by a mortgage on real property located in New York State, a tax must be paid to record the mortgage in an amount equal to $.50 for éach $100 and remaining major fraction of principal debt. (Tax Law § 253.) This tax is more commonly known as the “mortgage recording tax.” The MET has been in existence in New York State, in substantially the same form, since 1906.
Failure to record a mortgage has legal consequences. Some of the more significant consequences are that (1) an unrecorded mortgage is considered void as against a subsequent good faith purchaser of the underlying real property for value or later encumbrances (Real Property Law § 291), and (2) unless a mortgage is recorded, it may not be enforced in a court of law or foreclosed upon (Tax Law § 258).
In two separate cases, the New York Court of Appeals considered the MRT and held that it is a tax on the privilege of recording the mortgage and not a tax on property. (Matter of S.S. Silberblatt, Inc. v Tax Commn. of State of N.Y., 5 NY2d 635 [1959]; Franklin Socy. v Bennett, 282 NY 79 [1939].) In Franklin (supra), Judge Lehman reasoned that although the tax was the historical vestige of a tax on mortgages, a form of intangible personal property, he held that the current tax has characteristics of both a tax on property and a tax imposed for the privilege of recording a mortgage. The Court ultimately decided that it would characterize the tax, in its present form, as a recording tax, because to do otherwise would render the tax an impermissible ad valorem tax, prohibited under the New York State Constitution. (NY Const, art XVI, § 3.)
*1008 DTF argues that the FCUA expressly only exempts taxation of federal credit unions, their property, franchises, capital, reserves, surpluses, other funds and income from state taxation and that the MRT taxes none of those things. The MRT is not a direct tax imposed on a federal credit union, but is merely a tax on the privilege to record a mortgage. (United States v Wells Fargo Bank, 485 US 351 [1988]; S.S. Silberblatt, Inc. v Tax Commn., supra; Franklin Socy. v Bennett, supra.) According to the United States Supreme Court, a general exemption from taxation has an understood meaning, to wit: that property is exempt from direct taxation and direct taxation does not include excise taxes. (United States v Wells Fargo Bank at 355.) A tax on privilege, like the MRT, is an excise tax. (S.S. Silberblatt, Inc. v Tax Commn., supra; Franklin Socy. v Bennett, supra.) Consequently, federal credit unions are not exempt from paying the MRT under the existing federal legislation, which generally exempts them and their property from taxation by the State.
Hudson Valley argues in opposition that the MRT is really a tax on intangible personal property, which would be prohibited under the FCUA. It claims that the Court of Appeals decision in Franklin (supra) leaves open the possibility that the MRT is a recording tax in some circumstances, but a tax on property for other circumstances. It alternatively argues that, regardless of the express provisions of the FCUA, federal credit unions are instrumentalities of the federal government and, consequently, entitled to immunity from taxation of any kind, unless the federal government otherwise waives such immunity.
It is black letter law that under the Supremacy Clause of the United States Constitution, the United States and its instrumentalities are immune from state taxation of any nature, except where expressly authorized by Congress. (US Const, art VI, cl 2; McCulloch v Maryland, 4 Wheat [17 US] 316 [1819].) Hudson Valley argues that because federal credit unions are instrumentalities of the United States, they are immune from the reach of the MRT, regardless of whether it is labeled a tax on privilege or a tax on property. (Cotton Petroleum Corp. v New Mexico, 490 US 163 [1989]; United States v State of Mich., 851 F2d 803 [6th Cir 1988].)
DTF argues that the court should not even reach the question of instrumentality (which they dispute), because there is an express statute which defines the nature and extent of the tax exemption allowed to federal credit unions. The court agrees. In the case of Director of Revenue of Mo. v CoBank ACB (531 US *1009 316, 321 [2001]), the United States Supreme Court held that the National Bank for Cooperatives, although indisputably an instrumentality of the United States, enjoyed no greater immunity from state taxation than as specified in the applicable statute. Thus, even an instrumentality of the United States enjoys no greater immunity from taxation under the Supremacy Clause than what is provided for in the express applicable statutory provisions. Were this not so, then the precatory language in 12 USC § 1758, which expressly defines the categories of taxes from which federal credit unions are exempt, would be mere surplusage. (United States v Menasche, 348 US 528 [1955].)
Thus, the court’s analysis of this motion focuses on whether the FCUA provides a statutory exemption from the MET.[1] Hudson Valley’s arguments[2] on the statutory construction are both subtle and sophisticated. The court, however, believes that the arguments are antithetical to the existing Court of Appeals authority and must ultimately be rejected by this court. (Franklin, supra-, Silberblatt, supra.)
In the two cases Federal Land Bank of New Orleans v Crosland (261 US 374 [1923]) and Pittman v Home Owners’ Loan Corp. (308 US 21 [1939]), the United States Supreme Court had the opportunity to consider other states’ mortgage recording taxes, similar to New York State’s MET. In Federal Land Bank of New Orleans (supra), the Court held that an Alabama law imposing the collection of a tax upon the registration of a mortgage was a tax on the mortgage itself. As a consequence, the Court held that it could not be collected from the Federal Land Bank, an instrumentality of the United States which was otherwise exempt from state taxation. In Pittman (supra), the Court similarly held that a Maryland tax payable on every mortgage offered for recording could not be collected from the Home Owners’ Loan Corporation, which was an instrumentality of the United States, with an express statutory exemption from taxation on “loans.”
While the United States Supreme Court cases seemingly lend support to Hudson Valley’s argument, that New York State’s MET is, likewise, a tax on “property,” the Court of Appeals of *1010 this State has held to the contrary. These United States Supreme Court cases were both decided before the New York Court of Appeals decisions in Franklin (supra) and Silberblatt (supra). Notwithstanding the United States Supreme Court decisions, the New York Court of Appeals still expressly held that New York State’s MRT is not a tax on property. Indeed, the Court of Appeals discussed and distinguished both Federal Land Bank of New Orleans (supra) and Pittman (supra) in reaching its decisions in Franklin (supra) and Silberblatt (supra). This court is constrained to follow the existing Court of Appeals authority on this issue and find that the MRT is not a tax on property and, therefore, not an exempted tax under the FCUA.
Significantly, in Pittman v Home Owners’ Loan Corp. (supra) and the later case of Laurens Fed. Sav. & Loan Assn. v South Carolina Tax Comm’n (365 US 517 [1961]), a pivotal basis for the Unites States Supreme Court’s conclusion in favor of tax exemption was that the applicable statute expressly included “loans” as a category of items that could not be taxed. No such specific language is included in the statutory exemption involved at bar. Hudson Valley seeks to avoid taxation under a general exemption for “property.”
The court rejects Hudson Valley’s further argument that under Franklin (supra), the Court of Appeals left open the possibility that the MRT could be a tax on privilege for some purposes and a tax on property for others. Judge Lehman’s discussion that the tax possesses dual characteristics of both an excise tax and a tax on property was made in an analytical context before reaching the final conclusion that in New York State it is classified as an excise tax. To construe Franklin otherwise would leave open the possibility that a tax could change its character simply based upon the result that one wanted to achieve.
The court also rejects the argument that the Court of Appeals decision in Silberblatt (supra) is factually distinguishable and, consequently, inapplicable, because it involved a private contractor and not an instrumentality of the United States. While the Court of Appeals did hold that as a private contractor, the taxpayer was not an instrumentality of the United States, it also held that the MRT, as a tax on the privilege of recording a mortgage, was not prohibited under any statutory immunity. (Silberblatt, 5 NY2d at 640.)
Consequently, the court finds that the MRT is properly assessed against federal credit unions, including Hudson Valley, *1011 and that DTF’s motion to dismiss is granted because Hudson Valley has failed to state an actionable claim.
Conclusion
In accordance herewith it is hereby ordered that defendants’ motion to dismiss the complaint is granted, and it is further ordered that the clerk shall enter a judgment in favor of defendants, New York State Department of Taxation and Finance, Robert L. Megna, in his official capacity as Commissioner of the New York State Department of Taxation and Finance, and the State of New York, and against plaintiff, Hudson Valley Federal Credit Union, dismissing the action, and it is further ordered that any requested relief not expressly addressed herein is denied.

. There is no dispute that, regardless of whether federal credit unions are instrumentalities of the United States or not, Congress has the authority to expressly designate an entity as exempt from tax. (Matter of Continental Bank Intl. v City of N.Y. Dept. of Fin., 69 NY2d 281 [1987], mot to amend remittitur denied 69 NY2d 985 [1987], appeal dismissed 486 US 1001 [1988].)

. Including the arguments of the amici.