■ HUDSON VALLEY FEDERAL CREDIT UNION, Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [924 NYS2d 360]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered July 21, 2010, dismissing the complaint, and bringing up for review an order, same court and Justice, entered May 20, 2010, which granted defendants' motion to dismiss, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff seeks a declaration that it and other federal credit unions are exempt from the New York State mortgage recording tax (MRT), in connection with mortgages given to secure loans made by them to their members, under the Federal Credit Union Act of 1934 (FCUA) (12 USC §§ 1751-1795k) and the Supremacy Clause of the US Constitution. The motion court correctly concluded that the MRT is not a tax on property and therefore not included in the FCUA tax exemption (12 USC § 1768).

Plaintiff contends that the United States Supreme Court has held that MRTs are property taxes, not privilege taxes, regardless of how the state characterizes them. However, the federal statutes that the Court was construing in the decisions on which plaintiff relies all expressly exempted the "mortgages," "loans," or "advances" in question from the particular state MRTs at issue (see *Federal Land Bank of New Orleans v Crosland*, 261 US 374 [1923]; *Pittman v Home Owners' Loan Corp.*, 308 US 21 [1939]; *Laurens Fed. Sav. & Loan Assn. v South Carolina Tax Comm'n*, 365 US 517, 518-522 [1961]). These decisions therefore have no bearing on whether the term "property" in the FCUA extends to mortgages held by federal credit unions or the right to record the mortgages.

Nor do this state's precedents compel the result plaintiff urges here. Indeed, the Court of Appeals has expressly held that the MRT is a tax on the privilege of recording a mortgage, not a tax on property (see *Franklin Socy. v Bennett*, 282 NY 79 [1939], *appeal dismissed* 309 US 640 [1940]; *Matter of S.S. Silberblatt, Inc. v Tax Comm. of State of N.Y.*, 5 NY2d 635 [1959], *cert denied* 361 US 912 [1959]). Contrary to plaintiff's contention, the Court did not, in *Franklin Socy.* (282 NY at 79), leave open the possibility that the MRT could be deemed a property tax in other contexts. It stated that, in determining whether the MRT survived a challenge to the state constitutional prohibition on ad valorem property taxes (see NY Const art XVI), it was bound to follow its precedents holding that the MRT is an excise or privilege tax (see e.g. *People v Trust Co. of Am.*, 205 NY 74, 77 [1912]). The Court expressly considered and rejected the argument that the United States Supreme Court holds that MRTs are property taxes, and concluded that "nothing said or decided in *People v. Trust Company of America* (208 N.Y. 463) or in any other case has weakened the force of the characterization" of the MRT as an excise tax (*Franklin Socy.*, 282 NY at 87). Plaintiff's reliance on *Matter of Hotel Waldorf-Astoria Corp. v State Tax Commn.* (86 AD2d 330 [1982], *lv denied* 58 NY2d 603 [1982]) and *Matter of City of New York v Tully* (88 AD2d 701 [1982], *lv denied* 57 NY2d 606 [1982]) and certain Department

of Taxation & Finance advisory opinions is equally misplaced, since those decisions and opinions address whether state entities, not federal instrumentalities governed by federal statute, were exempt from various forms of state taxation in accordance with state law.

We also reject plaintiff's contention that the FCUA should be interpreted so as to exempt federal credit unions' mortgage loans, and the right to record them, from the MRT because the imposition of the tax undermines the statute's main policy of making low-cost credit available to average Americans by increasing the cost of mortgage loans. At the time the FCUA was enacted by Congress, federal credit unions did not have the authority to make home loans. Although Congress has amended the FCUA over the years to permit federal credit unions to make residential mortgage loans, it has never amended the statute specifically to exempt federal credit unions' mortgage loans from state MRTs (see generally 12 USC § 1757).

Because Congress has spoken on the issue of federal credit unions' exemption from state taxation, and state court precedents hold that the exemption does not apply to the MRT, we need not consider whether federal credit unions are impliedly exempt from the MRT under the Supremacy Clause (see Director of Revenue of Mo. v CoBank ACB, 531 US 316, 321-322 [2001]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Richter, JJ.

---

Motion seeking leave to amend reply brief denied.

Motion to seal the file on M-1998 granted. **[Prior Case History: 28 Misc 3d 1001.]**