Matter of Stewart's Shops Corp. v New York State Tax Appeals Trib. (2019 NY Slip Op 04062)





Matter of Stewart's Shops Corp. v New York State Tax Appeals Trib.


2019 NY Slip Op 04062


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

525841

[*1]In the Matter of STEWART'S SHOPS CORPORATION, Petitioner,
v
NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


McDermott Will & Emery LLP, New York City (Michael Huttenlocher of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for Commissioner of Taxation and Finance, respondent.



MEMORANDUM AND JUDGMENT
Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal, among other things, sustaining a notice of deficiency imposed under Tax Law article 9-A.
Petitioner is a New York corporation that owns and operates convenience stores and gas stations in upstate New York and Vermont. Pursuant to Tax Law article 9-A, petitioner was subject to the corporation franchise tax and, as relevant here, timely filed corporation franchise tax returns for 2006, 2007, 2008 and 2009. For the years at issue, petitioner deducted the insurance payments that it made to Black Ridge Insurance Company (hereinafter BRIC) — a wholly-owned captive insurance company and direct subsidiary of petitioner — in its calculation of entire net income. Following an audit of petitioner's franchise tax returns for the subject years, the Division of Taxation of respondent Department of Taxation and Finance disallowed petitioner's claimed insurance expense deductions and issued petitioner a notice of deficiency, finding that petitioner owed, among other things, an additional franchise tax amount of $1,988,142, plus interest and penalties.
Petitioner subsequently filed a petition for redetermination with the Division of Tax Appeals. In calculating petitioner's federal taxable income, the Administrative Law Judge (hereinafter ALJ) determined that petitioner's payments to BRIC did not constitute insurance premiums under federal tax law and, accordingly, were not deductible from its entire net income for franchise tax purposes under Tax Law article 9-A. The ALJ therefore sustained the additional tax but canceled the penalties asserted in the notice of deficiency, finding that petitioner had acted reasonably and in good faith. Petitioner thereafter filed an exception with respondent Tax Appeals Tribunal seeking review of the ALJ's determination. Following oral argument, the [*2]Tribunal denied petitioner's exception, affirmed the ALJ's determination and sustained the notice of deficiency as modified. Petitioner then commenced this CPLR article 78 proceeding, pursuant to Tax Law § 2016, seeking to, among other things, annul the Tribunal's determination.
The Tribunal properly determined that federal law applied in concluding that petitioner was not entitled to a deduction from its entire net income for insurance premiums paid to BRIC. Pursuant to Tax Law article 9-A, corporations doing business in New York are required to pay a corporate franchise tax (see Tax Law § 209 [1]). A corporation's franchise tax is generally based on its entire net income, "'which shall be presumably the same as [its] entire [federal] taxable income'" (Matter of Carpenter Tech. Corp. v Commissioner of Taxation & Fin., 295 AD2d 830, 832 [2002], lv denied 99 NY2d 501 [2002], quoting Tax Law § 208 [9]; see 20 NYCRR 3-2.2 [b]; Matter of United States Life Ins. Co. in City of N.Y. v Tax Appeals Trib. of State of N.Y., 194 AD2d 952, 952 [1993], lv denied 82 NY2d 657 [1993]). Once a corporation's federal taxable income is calculated, state law adjustments are made pursuant to Tax Law § 208 (9) to determine the total franchise tax owed (see Tax Law § 208 [9] [a]-[q]). As relevant here, for purposes of calculating entire net income, "[f]ederal law controls" as Tax Law § 208 (9) specifically incorporates federal law for such purposes (Matter of Dreyfus Special Income Fund v New York State Tax Commn., 126 AD2d 368, 372 [1987], affd 72 NY2d 874 [1988]; see Tax Law § 208 [9]; Matter of W. H. Morton & Co. v New York State Tax Commn., 91 AD2d 1080, 1081 [1983], affd 59 NY2d 690 [1983]; see also Anonymous v Anonymous, 165 AD3d 19, 28 [2018]). Contrary to petitioner's assertion, inclusion of the word "presumably" in Tax Law § 208 (9) did not provide respondent Commissioner of Taxation and Finance the "freedom to vary the meaning of 'entire net income' insofar as such income is equated with" a taxpayer's federal taxable income (Matter of Dreyfus Special Income Fund v New York State Tax Commn., 72 NY2d 874, 876 [1988]), and petitioner concedes, as it did before the Tribunal, that the payments it made to BRIC were not deductible for federal income tax purposes (see 26 USC §§ 63, 162 [a]; 26 CFR 1.162-1 [a]; Helvering v LeGierse, 312 US 531, 539 [1941]).
Petitioner nevertheless contends that, in 1997, when the Legislature passed legislation enacting Insurance Law article 70 and amending Tax Law article 33 (hereinafter the 1997 legislation), thereby permitting the creation of captive insurance companies, it expressly intended to establish a favorable tax regime for the licensure and ongoing regulation of such companies, including allowing a parent corporation to deduct the insurance premiums it paid to a wholly-owned captive insurer as a business expense on the parent corporation's corporate franchise tax return. We disagree. "As the entity seeking the benefit of the tax deduction, it was petitioner's burden to establish its entitlement to same" (Matter of Toronto Dominion Holdings [U.S.A.], Inc. v Tax Appeals Trib. of the State of N.Y., 162 AD3d 1255, 1256 [2018] [citations omitted], lv denied 32 NY3d 907 [2018]; see Matter of Royal Indem. Co. v Tax Appeals Trib., 75 NY2d 75, 78 [1989]; Matter of Purcell v New York State Tax Appeals Trib., 167 AD3d 1101, 1103 [2018], appeal dismissed ___ NY3d ___ [May 2, 2019]) by "point[ing] to some provision of law plainly giving the [deduction]" (Matter of Grace v New York State Tax Commn., 37 NY2d 193, 197 [1975] [internal quotation marks and citation omitted]; see Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 19 NY3d 1058, 1060 [2012], cert denied 571 US 952 [2013]).
Although the 1997 legislation, among other things, amended the Tax Law, setting competitive premium tax rates for captive insurance companies like BRIC (see Tax Law § 1502-b), and established certain assessments to be paid by a captive insurance company (see Insurance Law § 332), it did not correspondingly amend Tax Law § 208 (9) to provide a statutorily enumerated deduction for premiums paid by a parent corporation to a captive insurance company. The Legislature was presumably aware that federal law controlled for purposes of defining entire net income pursuant to Tax Law article 9-A when it passed the 1997 legislation (see Matter of Delese v Tax Appeals Trib. of State of N.Y., 3 AD3d 612, 614 [2004], appeal dismissed 2 NY3d 793 [2004]); however, it did not elect to make any statutory amendments regarding the applicability of federal law in determining the deductibility of insurance premiums [*3]paid to captive insurance companies [FN1]. Other than petitioner's conclusory assertion that the "[t]he tax deductibility of premiums was a critical part of the new [captive insurance company] structure," it is unable to point to any clear provision in the 1997 legislation that actually provides for the deduction it now seeks (see Matter of Scholastic Bus Serv. v State Tax Commn., 116 AD2d 915, 916-917 [1986])[FN2]. The best evidence of the Legislature's intent is the text of the statute itself (see Matter of Retired Pub. Empls. Assn., Inc. v Cuomo, 123 AD3d 92, 94-95 [2014]) and where, as here, the applicable Tax Law unambiguously does not provide for a statutory deduction (see Tax Law § 208 [9]), we may not look beyond the statute to the legislative intent to try to infer the existence of a deduction or otherwise attempt to extend the existing statutes to provide therefor; instead, petitioner's remedy in this regard lies with the Legislature (see Matter of C. E. Towers Co. v State Tax Commn., 135 AD2d 976, 977 [1987], lv denied 71 NY2d 804 [1988]).
Additionally, given the lack of ambiguity regarding the applicability of federal law in calculating petitioner's entire net income and the unambiguous statutory adjustments that are available pursuant to Tax Law § 208 (9) — which do not reference the deductibility of insurance premiums — we need not consider whether the Insurance Law and Tax Law must be read in pari materia (see Matter of 73 Warren St., LLC v State of N.Y. Div. of Hous. & Community Renewal, 96 AD3d 524, 530 [2012]) or whether subsequent legislative amendments to the captive insurance laws in 2009 and 2014 further evince the Legislature's intent, as these amendments do not modify the computation of entire net income or otherwise permit the deduction of payments to a captive insurer as presently asserted by petitioner (see generally Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 19 NY3d at 1060-1061; Matter of C. E. Towers Co. v State Tax Commn., 135 AD2d at 977). To the extent not specifically addressed, petitioner's remaining contentions have been reviewed and found to be without merit.
Lynch, Clark, Mulvey and Devine, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Under federal law, petitioner could have structured its arrangement with BRIC in such a way that the requisite risk shifting and risk distribution were present such that petitioner's payments to BRIC would have, in fact, met the criteria for bona fide insurance payments and been tax deductible under federal law — i.e., BRIC could have, among other things, insured affiliated companies, formed a group captive insurance company or reinsured its risk with a third-party insurer (see e.g. Rent-A-Center, Inc. v C.I.R., 142 TC 1, 13 [US TC 2014]).

Footnote 2: There is nothing in the record demonstrating that petitioner was "sold a bill of goods" or was otherwise provided with an affirmative representation that its payments to BRIC would be tax deductible. Peter Molinaro, the Senior Deputy Superintendent of Insurance and head of the Captive Insurance Group for the Insurance Department during the relevant time period, testified that he and other members of the Captive Insurance Group met with petitioner in November 2003 to discuss the captive insurance program. According to Molinaro, other than discussing certain payments that BRIC would necessarily incur for premium taxes and insurance assessments, he did not recall making any representations regarding the tax deductibility of premium payments that petitioner made to BRIC. Moreover, petitioner conceded that, prior to creating BRIC, it never sought an informal or advisory opinion from the Insurance Department or otherwise obtained an opinion from an outside vendor regarding the potential deductibility of such payments.